**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

THOMAS L. D'AQUIN                                 CIVIL ACTION

VERSUS                                            NO:  22-3505

ALVIN LEE AND WARREN MANAGER                      SECTION: "L" (4)


**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that this matter can be resolved without an evidentiary hearing.

I.      **Factual and Procedural Background**

Plaintiff, Thomas L. D'Aquin ("D'Aquin" or "Plaintiff"), is a pretrial detainee housed in the Orleans Justice Center and filed this suit *pro se* and *in forma pauperis* complaint pursuant to 42. U.SC. § 1983 against Defendants Alvin Lee ("Lee") and Warren Manager ("Warren"), private persons. (Case no. 22-3505, Rec. Doc. 5). D'Aquin alleges his due process rights were violated when he was unlawfully evicted by Lee and Warren from his home at 2900 Perdido St, New Orleans, LA 70119 resulting in the destruction of his personal property. *Id*. Although not clearly stated in the complaint, the Plaintiff alleges during his eviction personal items such as his ID were removed from the house and destroyed during the process. *Id*. The Plaintiff seeks relief of $1,000,000 in compensatory damages, a jury trial, and any other damages the Court sees fit for the alleged illegal eviction and theft of his identification by the Defendants. *Id*.

II.     **Standard of Review for Frivolousness**

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has a broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318

(5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the Plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-177 (5th Cir. 1995); *Moor v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Alvin Lee and Warren Manager

D'Aquin named Alvin Lee and Warren Manager as a Defendants in the instant matter. Rec. Doc. 5. D'Aquin alleges Lee, in joint participation with Warren, violated his Fourteenth amendment due process rights when he was evicted, which, according to D'Aquin, resulted in the destruction of his property and theft of his identification. *Id*. D'Aquin seeks $1 Million dollars in compensatory damages, to be heard in front of a jury, and to award punitive damages for unlawful eviction and theft of his identification. *Id*.

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under the color of state law. 42. U.S.C. (§) 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). § 1983 provides a remedy against "every person," who under color of state law, deprives another of any right secured by the constitution and laws of the United States. 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs*., 98 S.Ct 2018 (1978). Section 1983 is not a source of substantive rights; it

merely provides a method for vindicating federal rights conferred elsewhere. *Olabisiomotosho v. City of Houston.*, 185 F.3d 521, 525 n. 3 (5th Cir. 1999).

"To state a claim under § 1983, Plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and the laws of the United States, and second that the deprivation occurred under color of state law." *Doe v. Rains County Ind. School Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Plaintiff "must allege facts that suggest: (1) an agreement between private and public Defendants to commit an illegal act and (2) an actual deprivation of constitutional rights." *Smith v. Grodner*, 2020 WL 3067270 (M.D. La. 2020).

In this case, there is no allegation or material fact offered by D'Aquin that either Lee or Warren are employees of the state or such that they would be state actors for the purpose of § 1983 liability. Under § 1983, D'Aquin must prove not only that there was a constitutional violation (in this case, violation of due process rights), but also that the Defendants, who are private persons, were acting under the color of state law or in unison with a state actor. The Plaintiff does not allege that either one or both of the alleged Defendants entered into an agreement or "joint participation" with persons "acting under color of law" to violate his state law rights. In short, the Plaintiff does not allege any claim or conduct whatsoever to show Lee and/or Warren deprived him of his due process rights during his eviction from his New Orleans home for the purposes of § 1983 liability.

D'Aquin's claims are based on an indisputably meritless legal theory, unsupported conclusory legal conclusion, and his requests for relief have no basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam) (quotation omitted). Therefore, simply alleging a violation of a federal right is not enough to give rise to a section 1983 claim and the claims against Defendant Alvin Lee and Warren Manager should be dismissed pursuant to 28 U.S.C. § 1915(e) and (§) 1915A as frivolous and otherwise for failure to state a claim which relief can be granted and dismissed with prejudice.

## IV.    <u>Recommendation</u>

Accordingly,

**IT IS RECOMMENDED** that D'Aquin's § 1983 claims against Defendants Alvin Lee and Warren Manager be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief pursuant to 28. U.S.C. (§)(§) 1915 and 1915A, and 42 U.S.C. (§) 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 12<u>th</u> day of July 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**